AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern  District of  New York

BALVINDER SINGH

V.

SHARIFF CONSTRUCTION

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: **07 CIV 5545**

JUDGE SCHEINDLIN

TO: (Name and address of Defendant)

SHARIFF CONSTRUCTION
264 Marlborough Road, Suite 3R
Brooklyn NY 11226

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JUN 1 1 2007

CLERK  /s/ Marcos Quintero  DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
                  Date                 *Signature of Server*

                                                      *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BALVINDER SINGH,

                Plaintiff,

   -against-

SHARIFF CONSTRUCTION,

                Defendant.

------------------------------------------------------------x

JUDGE SCHEINDLIN

**07 CIV 5545**

___ Civ. ___

COMPLAINT

ECF Case

RECEIVED
JUN 1 1 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Balvinder Singh ("Mr. Singh" or "Plaintiff"), by his attorneys the Asian American Legal Defense and Education Fund, for his Complaint alleges as follows:

### PRELIMINARY STATEMENT

1. This is a complaint to address labor law violations perpetrated by Defendant against Plaintiff Balvinder Singh.

2. Plaintiff Singh worked as a construction worker for Defendant Shariff Construction.

3. In violation of the employment contract between Plaintiff and Defendants and additionally, federal and New York State labor laws, Defendants failed to pay the wages promised to Mr. Singh for his work.

4. Plaintiff Singh now brings this actions under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, New York Labor Law §§ 190 *et seq.* and 650 *et seq.*, and for breach of contract to recover the wages that he is owed.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within this District.

## PARTIES

Plaintiff

7. Plaintiff Balvinder Singh was employed by Defendant Shariff Construction as a construction worker from on or about November 14, 2005 to on or about the end of December 2005.

8. At all times relevant to this action, Mr. Singh was Defendant Shariff Construction's employee within the meaning of the Fair Labor Standards Act and New York Labor Law.

9. Mr. Singh is a resident of Queens, New York.

Defendants

10. Defendant Shariff Construction is a New York corporation located at 264 Marlborough Road, Suite 3R, Brooklyn, NY 11226. Shariff Construction is a construction contracting company, and at all times relevant to this action, was Mr. Singh's employer within the meaning of the Fair Labor Standards Act and New York Labor Law. On information and belief, Shariff Construction has gross sales of over $500,000 a year and uses goods produced in interstate commerce.

## STATEMENT OF FACTS

11. In approximately November 2005, Plaintiff Mr. Singh was offered a construction job with Defendant Shariff Construction to perform work at a residential building located at 644 Riverside Drive, New York, New York. In exchange for Mr. Singh's work, Defendants promised to pay an amount of $15,427.

12. Mr. Singh accepted Defendants offer of employment and began working for Defendant Shariff Construction on or about November 14, 2005.

13. As a construction worker for Defendant Shariff Construction, Mr. Singh performed steam cleaning, pointing, and rooting at the construction project at 644 Riverside Drive.

14. During the course of his employment with Defendant Shariff Construction, Mr. Singh worked six days per week from approximately 8:00 a.m. until approximately 5:00 p.m. with a one hour lunch break. On the sixth day each week, Mr. Singh was required to give the supervisor at the construction site $50.

15. Mr. Singh completed the work at 644 Riverside Drive promised under the employment contract with Shariff Construction in or about the end of December 2005.

16. Despite completing the work promised under the contract, Mr. Singh was paid only $1500. This amount is well below the wage promised to him by Defendant as a part of the employment contract.

### KNOWING AND INTENTIONAL ACTS

17. The acts alleged herein were done knowingly, intentionally, and willfully by Defendant.

## FIRST CAUSE OF ACTION
### (Federal Minimum Wage Violation)

1. Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

2. Defendant Shariff Construction was Mr. Singh's employer and Mr. Singh was an employee of Defendant as defined under 29 U.S.C. § 203(d) and (e)(1).

3. Defendant employed Mr. Singh as defined under 29 U.S.C. § 203(g).

4. At all times relevant to this action, the federal minimum wage was $5.15 per hour, as codified by 29 U.S.C. § 206(a)(1).

5. Defendant willfully failed to pay Mr. Singh at the federal minimum wage rate for each day that he was employed.

6. Defendant's knowing and deliberate acts are in direct contravention of 29 U.S.C. § 206(a)(1) and are actionable under 29 U.S.C. § 216(b).

7. As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Federal Overtime Wage Violation)

8. Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

9. While employed by Defendant, Mr. Singh frequently worked more than forty hours in a week.

10. Defendant willfully failed to compensate Mr. Singh at overtime rates as required by federal law for any hours he worked over forty in a single week.

11. Defendant's knowing and deliberate acts are in direct contravention of 29 U.S.C. § 207(a)(1) and are actionable under 29 U.S.C. § 216(b).

12. As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (New York State Unpaid Wages)

13. Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

14. Defendant's willful failure to pay Plaintiff the wages promised to him is a violation of N.Y. Labor Law § 191(1)(a) and is actionable under N.Y. Labor Law § 198.

15. As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (Breach of Contract)

16. Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

17. Defendant entered into an employment contract with Plaintiff Singh to pay him a $15,427 to perform construction work at 644 Riverside Drive.

18. Plaintiff Singh worked as a construction worker for Defendant from on or about November 14, 2005 until approximately the end of December 2005.

5

19. Plaintiff Singh completed the work he promised under the employment contract with Defendant.

20. Defendant failed to pay Mr. Singh for his work as promised under the contract.

21. As a result, Defendant breached the employment contract with Plaintiff Singh.

22. As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
(New York State Minimum Wage Violation)

23. Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

24. At all times relevant to this action, Mr. Singh was an employee of Defendant and Defendant was Mr. Singh's employer as defined by N.Y. Lab. Law § 651(5) and (6).

25. Defendant failed to pay Mr. Singh the New York State minimum wage rate in effect during the time Mr. Singh was employed by Defendant.

26. Defendant's knowing and deliberate acts constitute a violation of N.Y. Lab. Law § 650 *et seq.*

27. As a result of the foregoing, Mr. Singh is owed damages in amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (State Overtime Wage Violation)

28. Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

29. While employed by Defendant, Mr. Singh frequently worked more than forty hours in a week.

30. Defendant did not compensate Mr. Singh at overtime rates as required by New York State law for any hours he worked over forty in a single week.

31. Defendant's knowing and deliberate acts are in direct contravention of N.Y. Lab. Law § 650 *et seq.* and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2.

32. As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (Quantum Meruit)

33. Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

34. Mr. Singh conferred the performance of his valuable services to Defendant in good faith and with the expectation of compensation.

35. Defendant accepted the benefit of Mr. Singh's services and failed to fully compensate him for his work.

36. As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

## EIGTH CAUSE OF ACTION
### (Unjust Enrichment)

37. Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

38. Mr. Singh has performed a significant amount of work for which he has not been paid.

39. Defendant was unjustly enriched at Mr. Singh's expense by accepting the benefit of his labor and failing to pay him the money he earned for his work, which resulted in the deliberate and intentional exploitation of Mr. Singh.

40. The circumstances were such that equity and good conscience require Defendant to pay Mr. Singh for the time that he worked.

41. As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Balvinder Singh seeks judgment as follows:

That judgment be entered for Mr. Singh against Defendant Shariff Construction for:

(a) unpaid wages;

(b) liquidated damages;

(c) prejudgment interest;

(d) costs and attorney's fees; and

(e) such other relief that the Court deems just and proper.

Dated:  New York, New York
        June 11, 2007

                                      ASIAN AMERICAN LEGAL DEFENSE
                                      AND EDUCATION FUND

                                      _____
                                      Tushar J. Sheth (TS5672)
                                      99 Hudson Street, 12th Floor
                                      New York, New York 10013
                                      212-966-5932

                                      *Attorneys for Plaintiff Balvinder Singh*