**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BALVINDER SINGH,** | 07CV5545 (SAS) |
| **Plaintiff,** | **ECF Case** |
| -against- | **PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |
| **SHARIFF CONSTRUCTION,** | |
| **Defendant.** | |

Plaintiff Balvinder Singh respectfully requests the entry of default of the

Defendant **SHARIFF CONSTRUCTION** pursuant to Rule 55(a) of the Federal Rules of Civil

Procedure for failure to plead or otherwise defend the above-captioned matter as fully appears

from the Court file herein and from the attached Declaration of Tushar J. Sheth.  Plaintiff seeks

judgment against Defendant in the amount of $21,310.77.


Dated:   New York, New York
         March 28, 2008

                                        ASIAN AMERICAN LEGAL DEFENSE
                                        AND EDUCATION FUND

                                        ___/s/ Tushar J. Sheth_____
                                        Tushar J. Sheth
                                        99 Hudson Street, 12th Floor
                                        New York, New York 10013
                                        212-966-5932

                                        *Attorneys for Plaintiff Balvinder Singh*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BALVINDER SINGH,** | **07CV5545 (SAS)** |
|                   **Plaintiff,** | **ECF Case** |
| **-against-** | **DECLARATION OF TUSHAR J. SHETH IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |
| **SHARIFF CONSTRUCTION,** | |
|                   **Defendant.** | |

TUSHAR J. SHETH hereby declares as follows:

1.      I am a Staff Attorney at the Asian American Legal Defense and Education Fund, counsel for Plaintiff Balvinder Singh in this action.  I am familiar with all the facts and circumstances in this action.

2.      I submit this declaration in support of Plaintiff Balvinder Singh's application for default judgment against Defendant Shariff Construction pursuant to Rules 54(b) and 55(b) of the Federal Rules of Civil Procedure, Rule 55.2 of the Local Rules of the Southern District of New York, and the Individual Practices of Hon. Shira A. Scheindlin.

3.      This is an action under the Fair Labor Standards Act and New York Labor Law and for breach of contract brought by Plaintiff to recover unpaid wages due to him. Plaintiff Balvinder Singh was hired by Defendant Shariff Construction, a construction contracting company, to perform construction work at a residential building located at 644 Riverside Drive, New York, New York.  Defendant promised to pay Plaintiff $15,427.00 to perform steam cleaning, pointing, and rooting tasks at the building.  Plaintiff worked for Defendant at the building from approximately November 14, 2005 until he completed the project on or about the end of December 2005.  During this time, Plaintiff worked six days per week, eight hours per day, including a one hour lunch break.  On the sixth day of each week, Plaintiff

was required to pay the supervisor at the construction site $50.00. Plaintiff additionally paid for the costs of the materials used on the project for which he has not been reimbursed. Despite completing the work for which he was hired, Plaintiff was paid only $1500.00 of the $15,427.00 that Defendant promised to pay him. Plaintiff commenced this action on June 11, 2007 to recover: the remaining wages due to him; the $50.00 weekly fee paid to the site supervisor; the cost of materials purchased by Plaintiff; and liquidated damages under the federal and state labor laws. Plaintiff seeks a judgment against Defendant in the amount of $21,310.77.

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. s 1331 as Plaintiff's claims under the Fair Labor Standards Act present a federal question. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. s 216(b) as they arise from the same facts as Plaintiff's federal claims.

5.    This Court has personal jurisdiction over Defendant Shariff Construction, a New York corporation located at 264 Marlborough Road, Suite 3R, Brooklyn, New York 11226. Upon information and belief, Shariff Construction has gross sales of over $500,000 and uses goods produced in interstate commerce.

6.    Defendant, a New York corporation, is not an infant or an incompetent.

7.    Attached hereto as Exhibit A is an original Notation of Default, entered by the Clerk of the Court on November 9, 2007.

8.    This action was commenced on June 11, 2007 by the filing of the Complaint, attached hereto as Exhibit B.

9.    On the same day, a Summons was issued against the Defendant. *See* Summons, attached hereto as Exhibit C.

10.     The Summons and Complaint were served on Defendant Shariff Construction on July 30, 2007 by service upon the New York Secretary of State.  A true copy of the Affidavit of Service is annexed here as Exhibit D.

11.     The time for Defendant Shariff Construction to appear or otherwise respond to the Complaint of the Plaintiff has expired and Defendant is now in default of appearance pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

12.     Attached hereto as Exhibit E are true and correct copies of receipts for materials purchased by Plaintiff that were used on the construction project.

13.     Attached hereto as Exhibit F are true and correct copies of Plaintiff's records of the square feet of building area on which he performed steam cleaning, pointing, and rooting work.

14.     Attached hereto as Exhibit G is a table showing the calculations made in arriving at the judgment amount of $21,310.77.  No part of the judgment being sought has been paid.


I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING ARE TRUE AND CORRECT. EXECUTED ON 3/28/08.

_\_\_/s/ Tushar J. Sheth_____ \_\_\__
Tushar J. Sheth

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BALVINDER SINGH,** | 07CV5545 (SAS) |
| **Plaintiff,** | **ECF Case** |
| -against- | **NOTATION OF DEFAULT** |
| **SHARIFF CONSTRUCTION,** | |
| **Defendant.** | |

I, J. Michael McMahon, Clerk of the Court of the United States District Court for the Southern District of New York, do hereby certify that the Defendant **SHARIFF CONSTRUCTION** has not filed an answer or otherwise moved with respect to the Complaint herein. The default of the Defendant **SHARIFF CONSTRUCTION** is hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated:  New York, New York
~~October 29, 2007~~
*Nov 9, 2007*

J.MICHAEL McMAHON
Clerk of the Court

By:
Deputy Clerk

# EXHIBIT B

**JUDGE SCHEINDLIN**

**UNITED STATES DISCTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BALVINDER SINGH,                     :

               **Plaintiff,**      :

       **-against-**                       :

SHARIFF CONSTRUCTION,           :

            **Defendant.**      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**'07 CIV 5545**

____ Civ. ____

**COMPLAINT**

ECF Case

RECEIVED
JUN 1 1 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Balvinder Singh ("Mr. Singh" or "Plaintiff"), by his attorneys the Asian

American Legal Defense and Education Fund, for his Complaint alleges as follows:


### PRELIMINARY STATEMENT

      1.      This is a complaint to address labor law violations perpetrated by

Defendant against Plaintiff Balvinder Singh.

      2.      Plaintiff Singh worked as a construction worker for Defendant Shariff

Construction.

      3.      In violation of the employment contract between Plaintiff and Defendants

and additionally, federal and New York State labor laws, Defendants failed to pay the wages

promised to Mr. Singh for his work.

      4.      Plaintiff Singh now brings this actions under the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq.*, New York Labor Law §§ 190 *et seq.* and 650 *et seq.*, and for breach of

contract to recover the wages that he is owed.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.    Venue is proper pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within this District.

## PARTIES

Plaintiff

7.    Plaintiff Balvinder Singh was employed by Defendant Shariff Construction as a construction worker from on or about November 14, 2005 to on or about the end of December 2005.

8.    At all times relevant to this action, Mr. Singh was Defendant Shariff Construction's employee within the meaning of the Fair Labor Standards Act and New York Labor Law.

9.    Mr. Singh is a resident of Queens, New York.

Defendants

10.    Defendant Shariff Construction is a New York corporation located at 264 Marlborough Road, Suite 3R, Brooklyn, NY 11226.  Shariff Construction is a construction contracting company, and at all times relevant to this action, was Mr. Singh's employer within the meaning of the Fair Labor Standards Act and New York Labor Law.  On information and belief, Shariff Construction has gross sales of over $500,000 a year and uses goods produced in interstate commerce.

2

## STATEMENT OF FACTS

11.    In approximately November 2005, Plaintiff Mr. Singh was offered a construction job with Defendant Shariff Construction to perform work at a residential building located at 644 Riverside Drive, New York, New York. In exchange for Mr. Singh's work, Defendants promised to pay an amount of $15,427.

12.    Mr. Singh accepted Defendants offer of employment and began working for Defendant Shariff Construction on or about November 14, 2005.

13.    As a construction worker for Defendant Shariff Construction, Mr. Singh performed steam cleaning, pointing, and rooting at the construction project at 644 Riverside Drive.

14.    During the course of his employment with Defendant Shariff Construction, Mr. Singh worked six days per week from approximately 8:00 a.m. until approximately 5:00 p.m. with a one hour lunch break. On the sixth day each week, Mr. Singh was required to give the supervisor at the construction site $50.

15.    Mr. Singh completed the work at 644 Riverside Drive promised under the employment contract with Shariff Construction in or about the end of December 2005.

16.    Despite completing the work promised under the contract, Mr. Singh was paid only $1500. This amount is well below the wage promised to him by Defendant as a part of the employment contract.

## KNOWING AND INTENTIONAL ACTS

17.    The acts alleged herein were done knowingly, intentionally, and willfully by Defendant.

3

## FIRST CAUSE OF ACTION
### (Federal Minimum Wage Violation)

1.    Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

2.    Defendant Shariff Construction was Mr. Singh's employer and Mr. Singh was an employee of Defendant as defined under 29 U.S.C. § 203(d) and (e)(1).

3.    Defendant employed Mr. Singh as defined under 29 U.S.C. § 203(g).

4.    At all times relevant to this action, the federal minimum wage was $5.15 per hour, as codified by 29 U.S.C. § 206(a)(1).

5.    Defendant willfully failed to pay Mr. Singh at the federal minimum wage rate for each day that he was employed.

6.    Defendant's knowing and deliberate acts are in direct contravention of 29 U.S.C. § 206(a)(1) and are actionable under 29 U.S.C. § 216(b).

7.    As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Federal Overtime Wage Violation)

8.    Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

9.    While employed by Defendant, Mr. Singh frequently worked more than forty hours in a week.

4

10.     Defendant willfully failed to compensate Mr. Singh at overtime rates as required by federal law for any hours he worked over forty in a single week.

11.     Defendant's knowing and deliberate acts are in direct contravention of 29 U.S.C. § 207(a)(1) and are actionable under 29 U.S.C. § 216(b).

12.     As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
#### (New York State Unpaid Wages)

13.     Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

14.     Defendant's willful failure to pay Plaintiff the wages promised to him is a violation of N.Y. Labor Law § 191(1)(a) and is actionable under N.Y. Labor Law § 198.

15.     As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
#### (Breach of Contract)

16.     Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

17.     Defendant entered into an employment contract with Plaintiff Singh to pay him a $15,427 to perform construction work at 644 Riverside Drive.

18.     Plaintiff Singh worked as a construction worker for Defendant from on or about November 14, 2005 until approximately the end of December 2005.

5

19.    Plaintiff Singh completed the work he promised under the employment contract with Defendant.

20.    Defendant failed to pay Mr. Singh for his work as promised under the contract.

21.    As a result, Defendant breached the employment contract with Plaintiff Singh.

22.    As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (New York State Minimum Wage Violation)

23.    Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

24.    At all times relevant to this action, Mr. Singh was an employee of Defendant and Defendant was Mr. Singh's employer as defined by N.Y. Lab. Law § 651(5) and (6).

25.    Defendant failed to pay Mr. Singh the New York State minimum wage rate in effect during the time Mr. Singh was employed by Defendant.

26.    Defendant's knowing and deliberate acts constitute a violation of N.Y. Lab. Law § 650 *et seq.*

27.    As a result of the foregoing, Mr. Singh is owed damages in amount to be determined at trial.

6

## SIXTH CAUSE OF ACTION
### (State Overtime Wage Violation)

28.     Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

29.     While employed by Defendant, Mr. Singh frequently worked more than forty hours in a week.

30.     Defendant did not compensate Mr. Singh at overtime rates as required by New York State law for any hours he worked over forty in a single week.

31.     Defendant's knowing and deliberate acts are in direct contravention of N.Y. Lab. Law § 650 *et seq.* and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2.

32.     As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (Quantum Meruit)

33.     Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

34.     Mr. Singh conferred the performance of his valuable services to Defendant in good faith and with the expectation of compensation.

35.     Defendant accepted the benefit of Mr. Singh's services and failed to fully compensate him for his work.

36.     As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

## EIGTH CAUSE OF ACTION
### (Unjust Enrichment)

37.    Plaintiff incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

38.    Mr. Singh has performed a significant amount of work for which he has not been paid.

39.    Defendant was unjustly enriched at Mr. Singh's expense by accepting the benefit of his labor and failing to pay him the money he earned for his work, which resulted in the deliberate and intentional exploitation of Mr. Singh.

40.    The circumstances were such that equity and good conscience require Defendant to pay Mr. Singh for the time that he worked.

41.    As a result of the foregoing, Mr. Singh is owed damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Balvinder Singh seeks judgment as follows:

That judgment be entered for Mr. Singh against Defendant Shariff Construction for:

(a) unpaid wages;

(b) liquidated damages;

(c) prejudgment interest;

(d) costs and attorney's fees; and

(e) such other relief that the Court deems just and proper.

8

Dated:  New York, New York
        June 11, 2007

                                ASIAN AMERICAN LEGAL DEFENSE
                                AND EDUCATION FUND

                                Tushar J. Sheth (TS5672)
                                99 Hudson Street, 12th Floor
                                New York, New York 10013
                                212-966-5932

                                *Attorneys for Plaintiff Balvinder Singh*

9

# EXHIBIT C

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

BALVINDER SINGH

V.                                    **SUMMONS IN A CIVIL ACTION**

SHARIFF CONSTRUCTION

CASE NU **07 CIV 5545**

*JUDGE SCHEINDLIN*

TO: (Name and address of Defendant)

SHARIFF CONSTRUCTION
264 Marlborough Road, Suite 3R
Brooklyn NY 11226

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                        `JUN 1 1 2007`

CLERK _____          DATE _____

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                          *Signature of Server*


                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT D

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK  Attorney: ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND

BALVINDER SINGH

Plaintiff(s)

- against -

Index # 07 CIV 5545 (SCHEINDLIN)

Purchased June 11, 2007

SHARIFF CONSTRUCTION

Defendant(s)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

STEVEN C. AVERY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on July 30, 2007 at 11:15 AM at

SECRETARY OF STATE
ALBANY, NY

deponent served the within SUMMONS AND COMPLAINT on SHARIFF CONSTRUCTION CORP. S/H/A SHARIFF CONSTRUCTION therein named.

SECRETARY    a Domestic corporation by delivering two true copies to CAROL VOGT, LEGAL CLERK personally, deponent knew
OF STATE     said corporation so served to be the corporation described in said summons as said Defendant and knew said
             individual to be AUTHORIZED to accept thereof.

Service upon the N.Y.S. Secretary of State under Section 306 of the Business Corporation Law and tendering the required fee.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BLACK | 45 | 5'4 | 140 |

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on: July 31, 2007

JOEL GRABER                       MICHAEL SMITH                      JONATHAN GRABER
Notary Public, State of New York   Notary Public, State of New York   Notary Public, State of New York
No. 02GR4699723                    No. 01SM4997428                    No. 01GR6156780
Qualified in New York County       Qualified in New York County       Qualified in New York County
Comm. Expires February 10, 2010    Comm. Expires June 8, 2010         Comm. Expires December 4, 2010

**STEVEN C. AVERY**

Invoice #: 442764

# EXHIBIT E

SAFETY ZONE
84-18 ASTORIA BLVD
EAST ELMHURST, NY 11370
(718)446-4005

C O P Y
12/02/2005  10:27:12
Sale:

Transaction #          1
Card Type:          VISA
Acc:     ***********0905
Entry:          Swiped
Total          32.51

Reference No.:          0001
Auth.Code:          36396A
Response:          AP

● CUSTOMER COPY

Thank you

---

DIRECT SAFETY ZONE INC
SAFETY HATS GLOVES VESTS
MASKS WORK BOOTS ETC
84-18 ASTORIA BLVD
EAST ELMHURST NY 11370
(718)446-4005

12/02/2005  8:55AM  0001
000000#0006

*COPY*

HARDWARE          $30.00
MDSE ST          $30.00
TAX1          $2.51

CASH          $32.51

---

UNITED HARDWARE &
BUILDING SUPPLY
91 JAMAICA AVENUE
RICHMOND HILL, NY 11418
(718) 846-5700

C O P Y
11/22/2005  08:41
Sale:

Transaction #          1
Card Type:          MasterCard
Acc:     ***********3829
Entry:          Swiped
Sale:          32.57
Reference No          00000001
Auth.Code          091438
Response          APPROVED

THANK YOU
HAVE A NICE DAY

---



CENTER HARDWARE
1968 AMSTERDAM AVE
NEW YORK, NY 10032

TERMINAL I.D.:          007369747
MERCHANT #:          451218100995

VISA
#xxxxxxxxxxxxx6965
SALE
BATCH: 000214          INVOICE: 014435
DATE: NOV 28, 05          TIME: 19:25
SQ: 001          AUTH NO: 06335H

TOTAL          $29.74

CUSTOMER COPY

---

SAFETY ZONE
84-18 AST BLVD
WOODSIDE, NY 1

TERMINAL I.D.:          032500
MERCHANT #:

MASTERCARD
***********0998
SALE
BATCH: 0003          INVOICE: 155428
DATE: NOV 15, 05          TIME: 08:20
REF: 0003058          AUTH NO: 036465

TOTAL          $227.59

SALVINDER SING

CUSTOMER COPY

---

SAFETY ZONE INC.
HATS GLOVES VESTS
WORK VESTS ETC
AST BLVD
WOODSIDE NY
(718) 3

11/15/2005  8:19AM  0001
000000#0005

PRODUCT          $160.00
VES          $30.00
          $210.00
AX1          $17.59

CASH          227.59

GENERAL ⚙ ELECTRIC     **WE ACCEPT ALL MAJOR CREDIT CARDS**
LIGHT BULBS                          Phone 923-3000
                                    FAX 212-781-4513                          PAINTS
                                                                             VARNISH

## COHEN & COHEN, Inc.
WHOLESALE — RETAIL

### HARDWARE and PLUMBING SUPPLIES
ELECTRICAL SUPPLIES — LOCKSMITHING — JANITORS SUPPLIES — LUMBER
**1982 AMSTERDAM AVE. AT 158th ST., N. Y. N. Y. 10032**

11/30  20 05

Name _____

Address _____

| Sold by | Cash | Charge | Other | Change From | $ |
|---------|------|--------|-------|-------------|---|

| QUAN | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 2 | 24 oz mop | 8 00 |
| 2 | HD clamp Sticks | 9 90 |
| | | 17 90 |

| | SUBTOTAL | |
| | TAX | |
| | TOTAL | |

AND RETURNED GOODS MUST BE ACCOMPANIED BY THIS BILL

COHEN & COHEN, INC.  502



& SCAFFOLDING, INC
25-94TH AVE
JAMAICA, NY  11435
718-523-3700
C O P Y
11/16/2005  19:13:03
Sale

Transaction #           2
Card Type:    MasterCard
Acc:      ***********3829
Entry:            Swiped
Invoice #            251
Total:         123.00

Device ID:         6584
Reference No.:
        MPLX       446

Auth Code:       052475
Respon: AUTH/TKT  052475
Merchant number  ***45584

CUSTOMER COPY





**L & B BUILDING SUPPLY**

COMPLETE LINE OF BUILDING SUPPLIES · CATTLE RENTAL

148-27 94th Avenue, Jamaica, NY 11435

PH: (718) 658-9500 · FAX (718)

All major credit cards accepted

CUSTOMER

NAME    SIDHU CON

ADDRESS

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MSE. RETD. | PAID OUT |
|---------|------|--------|--------|----------|------------|----------|

I. & B SCAFFOLDING INC
148-25 94TH AVE
JAMAICA, NY 11435
718-523-3700

C O P Y
11/22/2005  09:52:45
Sale:

Transaction #:          1
Card Type:    MasterCard
Acc:    ***********3829
Entry:            Swiped
Invoice #:           264
Total:          91.03

Device ID:          6584
Reference No.:
      MPL04I7C21122

Auth.Code:        024107
Respon. AUTH/TKT  024107
Merchant number ***45584

CUSTOMER COPY

# EXHIBIT F



*[handwritten calculations, largely inverted and illegible]*

oot side

$18\frac{1}{2} - 28 = 58$  1518
$\qquad$ 84
$7 \times 4 = 3 =$  ——
$\qquad$ 434

$138 \times 32 \times$  4416 — 4476
$\qquad$ 924
$7 \times 7 = 19$  588  —— 3192
$7 \times 4 = 12$  336
$\qquad$ ——
$\qquad$ 924

30 × 30  900
$\qquad$ -192
$\qquad$ ——  709
$7 \times 4 = 3$  84
$2 \times 5 \times 3$  - 30
$7 + 4 + 3$  84
$\qquad$ ——  46983 70
$\qquad$ 298



$155 \times 28$

$-7 \times 4 - 3$

$19 \times 146 - 11$

$7 \times 4 = 24$

$32 + 146 \times 11$

$4 \times 7 = 3$

$-8$

$2 \times 5 = 12$

$3368$

$1\frac{1}{2} \times 5 = 12$

$3 \times 7 \quad 12$

$3 \times 7 \quad 12$

$32 + 146 - 8$

$7 + 7 + 12$

$4 \times 7 \times 12$

$30 \times 30$

$7 \times 4 - 3$

$2 \times 5 - 3$





# EXHIBIT G

# Plaintiff Balvinder Singh's Calculation of Damages

## I.  Calculation of Wage Owed

| | |
|---|---|
| Total Wage Promised | $15,427.00 |
| Total Wage Paid | $1,500.00 |
| **TOTAL WAGE OWED** | **$13,927.00** |

## II.  Calculations of Unlawful Deductions Owed

### A. Weekly Fee Paid to Building Superintendent

| Time Period | Total Weeks Worked | Weekly Fee Paid | TOTAL WEEKLY FEE OWED |
|---|---|---|---|
| 11/14/2005 12/31/2005 | 6.71 | $50.00 | $335.50 |

### B.  Materials Cost

| TOTAL MATERIALS COSTS OWED |
|---|
| $554.34 |

*** 

| **TOTAL UNLAWFUL DEDUCTIONS OWED** | **$889.84** |
|---|---|

## III.  LIQUIDATED DAMAGES

### A.  Federal Liquidated Damages

| Time Period | Total Weeks Worked | Days Per Week Worked | Total Days Worked | Total Wage Promised | Daily Wage Promised | Total Wage Paid | Total Unlawful Deductions | Net Wage Paid | Total Days Paid | Total Days Unpaid | Hours Worked Per Day | Federal Minimum Wage Rate |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/14/2005 12/31/2005 | 6.71 | 6 | 40.29 | $15,427.00 | $382.94 | $1,500.00 | $889.84 | $610.16 | 1.59 | 38.69 | 7.00 | $5.15 |

| Unpaid Federal Minimum Wage | TOTAL FEDERAL LIQUIDATED DAMAGES (100% of federal wages owed) |
|---|---|
| $1,394.86 | $1,394.86 |

### B.  State Liquidated Damages

| Total Wage Promised | Total Wage Paid | Total Unlawful Deductions | Total Unpaid State Wages | TOTAL STATE LIQUIDATED DAMAGES (25% of stated wages owed) |
|---|---|---|---|---|
| $15,427.00 | $1,500.00 | $889.84 | $14,816.84 | $3,704.21 |

***

**TOTAL LIQUIDATED DAMAGES OWED**    **$5,099.07**

******

## TOTAL DAMAGES OWED        $21,310.77